IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF KENTUCKY

AT LOUISVILLE

TAMBERLY TANNEHILL,                     )
                          Plaintiff      )
                                         )
                                         )
v.                                       )
                                         )          CASE NO.  3:11CV396-R
                                         )                   _____
EXPERIAN INFORMATION                     )
SOLUTIONS, INC.,                         )
                                         )
         Serve:  CT Corporation System   )
                 306 W. Main Street       )
                 Suite 512                )
                 Frankfort, Kentucky 40601 )
                          Defendant       )
                                          )

## VERIFIED COMPLAINT

COMES Tamberly Tannehill (hereafter "Ms. Tannehill"), by counsel, and for her

complaint against Experian Information Solutions, Inc. (herein "Experian" or "Defendant")

states as follows:

## PRELIMINARY STATEMENT

1.      This is an action for actual, statutory and punitive damages, costs and attorney's

fees brought pursuant to 15 U.S.C. § 1681 *et seq.* (herein "Federal Fair Credit Reporting Act" or

"FCRA") and additional applicable law.

## JURISDICTION AND VENUE

2.      The jurisdiction of this Court is conferred by 15 U.S.C. § 1681(p) and 28 U.S.C. §

1367.

3.      Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

**PARTIES**

4.      The Plaintiff is a natural person and a resident of the Commonwealth of Kentucky.  She is a "consumer" as defined by 15 U.S.C. § 1681a(c).

5.      Upon information and belief, Experian is a corporation incorporated under the laws of the State of Texas.

6.      Upon information and belief, Experian is a "consumer reporting agency" as defined in 15 U.S.C. § 1681(f).  Upon information and belief, Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

7.      Upon information and belief, Experian disburses such consumer reports to third parties under contract in exchange for monetary compensation.

**FACTUAL BACKGROUND**

8.      Within Ms. Tannehill's applicable Experian credit report (herein "Credit Report"), Experian reported that Ms. Tannehill was personally responsible for a certain credit account, specifically a Small Business Administration Loan provided by US Bank, Account No. XXXXXX9037 (herein "Disputed Item")[1], that the Disputed Item was still owed and outstanding, and that Ms. Tannehill had a derogatory payment history with respect to same.  The Credit Report is a "consumer report" as that term is defined by 15 U.S.C. § 1681a(d).

9.      On or about August 18, 2008, Ms. Tannehill, through her attorney, contacted Experian to dispute the Disputed Item and request that it be removed from her Credit Report as there was and is no basis for Ms. Tannehill's personal liability for the Disputed Item.  Despite Ms. Tannehill's lawful request for removal of the Disputed Item as provided for in the FCRA, the Defendant failed to remove the Disputed Item.  Furthermore, upon information and belief,

---

[1] The full account number for the Disputed Item has been redacted pursuant to applicable local rules.

Experian did not evaluate or consider any of Ms. Tannehill's information, claims or evidence and did not make any and/or sufficient attempt to remove the Disputed Item within a reasonable time following its receipt of Ms. Tannehill's dispute.

10.     On or about June 23, 2009, Ms. Tannehill, through her attorney, contacted Experian again to dispute the Disputed Item. Despite Ms. Tannehill's lawful request for removal of the Disputed Item as provided for in the FCRA, Experian failed to remove the Disputed Item. Furthermore, upon information and belief, Experian did not evaluate sufficiently or consider any of Ms. Tannehill's information, claims or evidence and did not make any attempt to remove the Disputed Item within a reasonable time following its receipt of Ms. Tannehill's dispute.

11.     On April 20, 2011, Plaintiff, through her attorney, contacted Experian again to dispute the Disputed Item. Again, Despite Ms. Tannehill's lawful request for removal of the Disputed Item as provided for in the FCRA, Experian failed to remove the Disputed Item. Furthermore, upon information and belief, Experian did not evaluate sufficiently or consider any of Ms. Tannehill's information, claims or evidence and did not make any attempt to remove the Disputed Item within a reasonable time following its receipt of Ms. Tannehill's dispute.

## COUNT 1
### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT (FRCA), 15 U.S.C. § 1681, et seq.

12.     Ms. Tannehill realleges and incorporates paragraphs 1 through 10 above as if fully set out herein.

13.     As set forth herein, the acts and omissions of Experian violated the FRCA by engaging in some or all of the following conduct:

    (a)     willfully and/or negligently failing to conduct a proper and reasonable investigation concerning the Disputed Item after receiving notice of the dispute from Ms. Tannehill, in violation of 15 U.S.C. § 1681i(a);

(b)     willfully and/or negligently failing to provide prompt notice of the Disputed Item and Ms. Tannehill's dispute to the furnishing entity, in violation of 15 U.S.C. § 1681i(a);

(c)     willfully and/or negligently failing to provide all relevant information provided by Ms. Tannehill regarding Disputed Item to the applicable furnishing entity, in violation of 15 U.S.C. § 1681i(a);

(d)     willfully and/or negligently failing to review and consider all relevant information submitted by Ms. Tannehill concerning the Disputed Item, in violation of 15 U.S.C. § 1681i(a);

(e)     willfully and/or negligently failing to delete the inaccurate information from Ms. Tannehill's Credit Report after reinvestigation, in violation of 15 U.S.C. § 1681i(a);

(f)     willfully and/or negligently failing to note the dispute of the inaccurate information in subsequent consumer credit reports, in violation of 15 U.S.C. § 1681i(c);

(g)     willfully and/or negligently failing to timely and property investigat the inaccurate information after receiving notice of the dispute of the Disputed Item from Ms. Tannehill;

(h)     willfully and/or negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Ms. Tannehill's credit report, information and file, in violation of 15 U.S.C. § 1681e(b);

(i)     willfully and/or negligently failing to properly and timely delete the inaccurate information from Ms. Tannehill's Credit Report and file despite being unable to verify the accurace of the information and/or being provided with proof of its inaccuracy; and

(j)     willfully and/or negligently continuing to report the inaccurate, Disputed Item despite having knowledge of its inaccuracy and/or inability to be verified.

14.     As a result of the acts and omissions of Experian, Ms. Tannehill has suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, the mental and emotional pain and anguish and the humiliation and embarrassment of one or more credit denials.

15.     Experian's actions and omissions were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, the acts and omissions of Experian were negligent, entitling Ms. Tannehill to recover damages pursuant to 15 U.S.C. § 1681o.

16.     Ms. Tannehill is entitled to her recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## COUNT 2
### NEGLIGENCE AND NEGLIGENCE *PER SE*

17.     Ms. Tannehill realleges and incorporates paragraphs 1 through 16 above as if fully set out herein.

18.     The acts and omissions of the Defendant and/or its agents and/or employees constitute negligence and negligence *per se* under applicable law.

19.     As direct and proximate result of the Defendant's negligence and negligence *per se*, Ms. Tannehill is entitled to recover compensatory and other damages allowed by law.

## COUNT 3
### DEFAMATION AND DEFAMATION *PER SE*

20.     Ms. Tannehill realleges and incorporates paragraphs 1 through 19 above as if fully set out herein.

21.     The Defendant has published statements, both orally and in writing to one or more creditors, prospective credit grantors and other credit reporting agencies and/or entities that the derogatory and inaccurate Disputed Item belongs to Ms. Tannehill.

22.     Said false and defamatory statements, which were made intentionally, recklessly or negligently, caused injury to Ms. Tannehill, including but not limited to her reputation.

Furthermore, said false and defamatory statements tended to disinherit her and injure her reputation and/or expose her to public hatred, contempt, scorn, obloquy and/or shame.

23.     As a consequence of the publication of such statements by the Defendant and/or its agents or employees, Ms. Tannehill is entitled to damages against the Defendant, including but not limited to compensatory, consequential and punitive damages.

WHEREFORE, Ms. Tannehill respectfully requests the following relief:

A.     A trial by jury on all issues so triable;

B.     An award of all damages suffered by Ms. Tannehill or to which she is entitled, including all compensatory, statutory, actual and punitive damages allowed by law;

C.     Entry of an order directing that the Defendant immediately delete all of the inaccurate information from Ms. Tannehill's Credit Report and credit files, including but not limited to the Disputed Item, and cease reporting all inaccurate information, including but not limited to the Disputed Item, to any and all persons and entities to whom it reports applicable consumer credit information;

D.     Entry of an order directing the Defendant to send to all persons and entities to whom it has reported any inaccurate information, including but not limited to the Disputed Item, within the last three (3) years and updated and corrected credit report;

E.     An award of her costs and attorney's fees incurred to the fullest extent allowed by law;

F.     An award of all pre-judgment and post-judgment interest at the maximum allowable rate; and

G.     All other relief to which Ms. Tannehill is entitled.

## VERIFICATION

I, Tamberly Tannehill, being duly sworn, state that I have read the foregoing Verified Complaint, and that the statements set forth therein are true and correct to the best of my knowledge, information and belief.

Tamberly Tannehill

COMMONWEALTH OF KENTUCKY     )
                                                      ) ss:
COUNTY OF JEFFERSON              )

Subscribed, sworn to, and acknowledged before me by Tamberly Tannehill, this ___ day of July, 2011.

Notary Public, State at Large

My Commission Expires: 

"Notary Public"
Erin N. Orr
State at Large, Kentucky

Respectfully submitted,


/s/ H. Kevin Eddins
H. Kevin Eddins
Kevin J. Fiet
EDDINS · DOMINE LAW GROUP, PLLC
3950 Westport Road
Louisville, Kentucky  40207
Phone: (502) 893-2350
Fax: (502) 893-1949
E-mail: keddins@eddins-law.com
*Counsel for Ms. Tannehill*